# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LESTER WARD, )
)
    Plaintiff, )
)
v. ) No.
)
CITY OF CHICAGO, a municipal corporation, ) **JURY DEMANDED**
GEORGE J. DEVEREUX and UNKNOWN )
POLICE OFFICERS, ) 06CV1996
) JUDGE SHADUR
    Defendants. ) MAG. COLE

## COMPLAINT

NOW COMES Plaintiff, Lester Ward, by his attorneys, Scott M. Levin and Matthew C. Wasserman of Defrees & Fiske LLC, and for his Complaint against Defendants City of Chicago, a municipal corporation, George J. Devereux ("Devereux") and Unknown Police Officers ("Unknown Officers"), states as follows:

### JURISDICTION AND VENUE

1. This is an action for civil rights violations arising under 42 U.S.C. §1983, et. seq. and 42 U.S.C. §1988, et. seq.

2. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

3. Supplemental jurisdiction over the state causes of action is proper pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Plaintiff's claims arise in this district.

## PARTIES

5. At all relevant times hereto, Plaintiff resided at 8531 S. Manistee, in the City of Chicago, Cook County, Illinois.

6. Defendant City of Chicago is a municipal corporation organized and existing under the laws of the State of Illinois.

7. At all times relevant hereto, Defendant Devereux was a police lieutenant of Defendant City of Chicago and was acting under color of law and color of his authority as a police officer.

8. At all times relevant hereto, Defendants Unknown Officers were police officers of Defendant City of Chicago and were acting under color of law and color of their authority as a police officers.

## ALLEGATIONS COMMON TO ALL COUNTS

9. On information and belief, prior to January 13, 2006, the City of Chicago Police Department was conducting surveillance for alleged drug trafficking on a home located at 8533 S. Manistee, Chicago, Illinois.

10. On January 13, 2006, a search warrant was issued by the Circuit Court of Cook County, authorizing Devereux and Unknown Officers to search the residence of Jose Mendoza, a 25 year old Hispanic male ("Mendoza"), for the purpose of seizing cocaine (the "Search Warrant"). Attached hereto and incorporated herein as Exhibit "A" is a copy of the Search Warrant.

11. The Search Warrant erroneously identifies Plaintiff's residence, located at 8531 S. Manistee, as the premises to be searched, rather than Mendoza's residence, located at 8533 S. Manistee.

12. Devereux and Unknown Officers knew or should have known that Plaintiff's residence was not the correct premises to be searched, as Plaintiff's residence was not the subject of the surveillance pursuant to which the Search Warrant was obtained.

13. After obtaining the Search Warrant, Devereux and approximately seven police officers arrived at Plaintiff's home. Upon determining that Plaintiff's home was vacant, Devereux and Unknown Officers forcibly entered Plaintiff's home, destroying both the exterior security door and the interior door.

14. On information and belief, upon entering Plaintiff's home, Devereux and Unknown Officers were confronted by Plaintiff's dog. One of Unknown Officers fired a shot that wounded the dog. On information and belief, when the dog retreated to the back of the home, Unknown Officer followed the dog to the pantry and then shot and killed it.

15. After killing Plaintiff's dog, Devereux and Unknown Officers questioned the downstairs tenant of Plaintiff's building ("Tenant") as to whether Mendoza lived upstairs. Tenant stated to Devereux that the owner of the building was Plaintiff.

16. During the time Devereux and Unknown Officers were at Plaintiff's home, Tenant contacted Plaintiff, who was out of town. Plaintiff spoke with Devereux on the telephone and confirmed that Devereux and Unknown Officers were searching the wrong premises.

17. Upon confirming they were in the wrong building, Devereux and Unknown Officers failed to immediately terminate the search. Devereux and Unknown Officers reentered Plaintiff's home and continued to search. On information and belief, Devereux and Unknown Officers remained in Plaintiff's home for over two hours.

18. After learning that they were at the wrong address, Devereux and Unknown Officers ransacked Plaintiff's home by invading Plaintiff's bedrooms on both the first and second floors, invading the library and the attic and destroying Plaintiff's tool box.

19. During the time Devereux and Unknown Officers were at Plaintiff's home, Plaintiff requested that his sister and Tenant secure Plaintiff's home. Devereux and Unknown Officers refused entry into Plaintiff's home to Plaintiff's sister and Tenant.

20. Prior to exiting Plaintiff's home, Devereux and Unknown Officers seized several of Plaintiff's DVDs. Devereux told Tenant that the DVDs were illegal and that the DVDs indicated that Plaintiff was manufacturing illegal DVDs in his home.

21. Devereux and Unknown Officers had no lawful or reasonable basis for removing the DVDs from Plaintiff's home. Plaintiff has requested the return of his DVDs. On information and belief, the DVDs remain in police custody. The City of Chicago, Devereux and the Unknown Officers have no lawful or reasonable basis for maintaining possession of Plaintiff's DVDs.

22. Devereux and Unknown Officers left the home with the dead dog and Plaintiff's DVDs. Plaintiff's home was left unsecured and open to the public.

23. As a result of the negligent, wrongful and willful trespass, invasion of privacy and indifference to Plaintiff's constitutionally protected rights, Plaintiff has lost sleep, become apprehensive and embarrassed, has generally lost his peace of mind, has suffered an impairment of his reputation and has been humiliated in the community and has suffered and continues to suffer, undue mental anguish as a result of the events described above.

24. As a direct result of the conduct of Devereux and the Unknown Officers, Plaintiff has been deprived of his rights in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

## COUNT I
### (42 U.S.C. §1983)

1-24. Plaintiff herein incorporates paragraphs 1 through 24 above, inclusive, as paragraphs 1 through 24, inclusive, of this Count I.

25. Plaintiff has a constitutionally protected property interest in the quiet enjoyment and privacy of his home.

26. Plaintiff also has a constitutionally protected property interest in the use and enjoyment of his dog and possession of his lawfully purchased DVDs.

27. Devereux and Unknown Officers have deprived Plaintiff of his constitutionally protected property interests by:

    a. unlawfully remaining in Plaintiff's home after confirming with Plaintiff and Tenant that the Search Warrant was issued for the wrong address;

    b. removing and retaining Plaintiff's DVDs;

    c. killing Plaintiff's dog;

    d. destroying the doors and locks on Plaintiff's home and leaving Plaintiff's home unsecured;

28. Devereux and Unknown Officers acted with evil motive and reckless indifference to Plaintiff's constitutionally protected rights by reentering and remaining in Plaintiff's home after learning that Plaintiff's home was not the premises that was the subject of the Search Warrant.

248489.1

WHEREFORE, Plaintiff, Lester Ward, requests this Court to enter judgment in his favor and against Defendants City of Chicago, a municipal corporation, George J. Devereux and Unknown Officers in an amount in excess of One Hundred Thousand Dollars ($100,000.00) as and for compensatory damages, plus punitive damages, attorneys' fees and costs of this action.

## COUNT II
## (TRESPASS TO LAND)

1-24. Plaintiff herein incorporates paragraphs 1 through 24, inclusive, of Count I, as paragraphs 1 through 24, inclusive, of this Count II.

25. Devereux and Unknown Officers entered Plaintiff's property and Plaintiff's home pursuant to the Search Warrant.

26. Devereux and Unknown Officers acted without the authority granted under the Search Warrant when they failed to immediately leave Plaintiff's property and home upon determining that they were searching the wrong premises.

27. Devereux and Unknown Officers acted without the authority granted under the Search Warrant by damaging Plaintiff's home.

WHEREFORE, Plaintiff, Lester Ward, requests this Court to enter judgment in his favor and against Defendants City of Chicago, a municipal corporation, George J. Devereux and Unknown Officers in an amount in excess of One Hundred Thousand Dollars ($100,000.00) as and for compensatory damages, plus punitive damages and costs of this action.

## COUNT III
## (CONVERSION)

1-24. Plaintiff herein incorporates paragraphs 1 through 24, inclusive, of Count II, as paragraphs 1 through 24, inclusive, of this Count III.

248489.1

25. Defendants are unlawfully and wrongfully detaining Plaintiff's DVDs.

26. Plaintiff has not authorized Defendants to maintain possession of the DVDs.

27. By reason of the unlawful and wrongful taking, Plaintiff has been deprived of the use and enjoyment of the DVDs.

28. Plaintiff has made several demands for possession of the DVDs.

WHEREFORE, Plaintiff, Lester Ward, requests the court to enter judgment in his favor and against Defendants City of Chicago, a municipal corporation, George J. Devereux and Unknown Officers as and for compensatory damages in an amount to be proved at trial, plus punitive damages and costs of this action.

## COUNT IV
## (INTRUSION UPON SECLUSION)

1-24. Plaintiff herein incorporates paragraphs 1 through 24, inclusive, of Count III, as paragraphs 1 through 24, inclusive, of this Count IV.

25. Devereux and Unknown Officers re-entered and remained in Plaintiff's home after determining they were searching the wrong premises.

26. Devereux and Unknown Officers' intrusion upon Plaintiff's seclusion was offensive and objectionable to a reasonable person.

27. Plaintiff has suffered and continues to suffer mental anguish and emotional distress as a result of Devereux and Unknown Officers' intrusion upon Plaintiff's seclusion.

28. Devereux and Unknown Officers exhibited evil motive and reckless indifference to Plaintiff's right to privacy by reentering and remaining in Plaintiff's home after confirming that Plaintiff's home was not the correct premises.

WHEREFORE, Plaintiff, Lester Ward, requests this Court to enter judgment in his favor and against Defendants City of Chicago, a municipal corporation, George J. Devereux and Unknown Officers in an amount in excess of One Hundred Thousand Dollars ($100,000.00) as and for compensatory damages, plus punitive damages and costs of this action.

### JURY DEMAND

Plaintiff, Lester Ward, requests a trial by jury.

LESTER WARD

By: _____
One of his attorneys

Scott M. Levin (ARDC No. 6185743)
Matthew C. Wasserman (ARDC No. 6287638)
Defrees & Fiske LLC
200 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Tel.: 312/456-3418

248489.1

-8-